## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| DWAYNE HOFFER and SHAWN MACKIE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| STATE'S ATTORNEY KEVIN W. LYONS, et al., | ) ) ) ) |
| Defendants. | ) |

Case No. 08-1275

## ORDER

Before the Court are Defendants Dorian Lasaine and Associates' and Judge Richard Grawey's Motions to Dismiss Plaintiffs' Complaint [#21] and [#31], both pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff Dwayne Hoffer's Response [#34] to these Motions[1]. For the reasons set forth below, the Court GRANTS [#21] and [#31].

## BACKGROUND

Plaintiffs Dwayne Hoffer and Shawn Mackie filed a Second Amended Complaint against numerous Defendants. While the Court finds the Second Amended Complaint confusing, it appears that the allegations stem from actions (and inactions) that occurred in state court proceedings regarding a mechanics lien. For the purposes of this Order, the Court will address only the allegations against Dorian Lasaine and Judge Grawey.

---

[1] The Docket reflects a Clerk's Note from 4/24/2009, whereby Plaintiff Hoffer explained to the Clerk's Office that his [#34] responds to both [#21] and [#31].

According to the allegations, Hoffer did not approve of the manner in which Lasaine represented his client, Tony Bennett, and that Judge Grawey did not mediate the settlement that occurred in the state court proceedings. Specifically, the Second Amended Complaint alleges that Lasaine "had knowledge that his client Tony Bennett did not have the qualifications to claim to be a contractor and continued legal action to harass Mr. Hoffer." The Second Amended Complaint further alleges that Judge Grawey "did not mediate (the deal)" and "was absent during the civil trial case No. 04 MR 152 where Mr. Hoffer was intimidated into an agreement to end the countersuit against Mr. Bennett." Hoffer seeks "state and federal prosecution" for his relief. There are no facts alleged in the Second Amended Complaint that establish any connection between Plaintiff Shawn Mackie and either Judge Grawey or Lasaine.

Lasaine argues that Hoffer fails to state a cause of action; that "continued legal action to harass" is a conclusion and no facts supporting said conclusion are pled; and that the allegations fail to demonstrate of what either or both Plaintiffs are complaining and fails to state the basis of the complaint. Lasaine contends that the allegations are so lacking in detail that it is impossible to respond and there is simply no legal basis stated for a cause of action.

Judge Grawey argues that Hoffer has failed to identify what his claim is against him because although Hoffer alleged that his due process rights were violated, Hoffer failed to identify which rights were violated, what the source of the duty is, how Judge Grawey violated his rights, or when the alleged constitutional violation by Judge Grawey occurred.

**DISCUSSION**

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

**1.    Whether Plaintiffs state a claim upon which relief can be granted**

The Court finds Hoffer's Response to the Motions to Dismiss to be convoluted. However, the Court has done its best to construe the Response in the light most favorable to Hoffer and in a manner that would be responsive to the pending Motions to Dismiss.

Hoffer states in his Response:

> You stated that I don't have a case.  Then how come I didn't get the money back from Tony Bennett. The 9500 dollars for house repair & a personal loan for a bass boat that he took me for.
>
> Attorney of the Bennett (sic) that were involved didn't make Tony Bennett produce his evidence against Dwayne Hoffer and Shawn Mackie by creating false statement on all issue (sic).

> Judge [Grawey]: How come the withdraw paper was sign (sic) without a court date, so I couldn't voice my opinion on the case of the withdraw with the judge. The Judge [Grawey] wasn't there on 8-23-07. The Judge was running for office to replace Congress (sic) LaHood seat; but back (sic) out.

Even in viewing the pleadings in the light most favorable to Plaintiffs, the Court finds that Hoffer fails to state a claim against either Lasaine or Judge Grawey that would entitle him to relief. Plaintiff Shawn Mackie did not respond to the Motions to Dismiss and the Court finds that no set of facts before it would entitle Mackie to relief against either Lasaine or Judge Grawey.

**2.     Whether Plaintiffs should be granted leave to re-plead**

In addition to seeking dismissal, Judge Grawey argues that the Court should not allow Plaintiffs to re-plead. Leave to re-plead is not mandated in every case. *Park v. City of Chicago,* 297 F.3d 606, 612 (7th Cir. 2002). Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment…" *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 666 (7th Cir. 2007). If a court is to enter judgment, thus denying plaintiff the opportunity to replead, it should make a determination regarding the sufficiency of the amended complaint or provide any explanation for why a motion to amend should be denied. *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008).

Judge Grawey argues that Hoffer has pleaded himself out of court because Hoffer states in his Second Amended Complaint that Judge Grawey did not preside

over any matters. Therefore, Judge Grawey argues that because Hoffer settled his state court case before having the matter heard on its merits, Judge Grawey lacks any personal involvement in any potential civil action filed by Hoffer.

The Court is persuaded by Judge Grawey's argument. Plaintiffs filed their original Complaint on October 14, 2008, filed an Amended Complaint on October 17, 2008, and filed the Second Amended Complaint on November 3, 2008. The Court finds that Plaintiffs have had adequate opportunity to plead a cause of action against Judge Grawey and have failed to do so. In addition, the Court finds that Plaintiffs have had adequate opportunity to plead a cause of action against Lasaine and have failed to do so. Accordingly, the Court dismisses Defendants Judge Grawey and Lasaine, with prejudice.

## CONCLUSION

For the reasons set forth herein, the Motion to Dismiss [#21] and [#31] are GRANTED. The Court dismisses, with prejudice, the Second Amended Complaint against Defendants Dorian Lasaine and Judge Richard E. Grawey.

ENTERED this 4th day of May, 2009.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge