UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Swayne Hoffer and Shawn Mackie, )
                            Plaintiffs )
                             )
   v. )                        Case No. 08-1275
                             )
Tony Bennett et al )
                        Defendants )

## REPORT AND RECOMMENDATION

Now before the Court is the Plaintiff's motion for default (#65). At a hearing held on March 29, 2010, the Plaintiffs were advised that service appeared to be a problem. The Plaintiffs have now filed a motion for default. At least, that is the title of the document. Rather than addressing the discrete issue of service of process on the Defendants, the motion is nothing more than a recital of the Plaintiffs' claims against the various named Defendants.

Rather than simply denying the motion, however, I have taken this opportunity to review the status of service of process in this case.

(1) Defendant Gary Orr has not been served. The summons and alias summons were both returned unexecuted, (Doc. #39 and 42) because Mr. Orr is deceased.

(2) Defendant Christopher Cassidy has not been properly served. The Summons and First Alias Summons were returned unexecuted. The Second Alias Summons was returned executed (#41). However, the Affidavit of Service shows that the process server "substitute served the within named business" with a copy of the 2nd Alias Summons and Complaint "by serving Francis Perkins, employee of Mr. Cassidy as manager of the within named Business." Christopher Cassidy is named as an individual in this case. Leaving a copy with an employee at an individual's place of work does not effect service under either federal law, see Fed.R.Civ.P. 4(e)(2), or Illinois law, see 735 ilcs 5/2-203(1). Even if I were to consider that Cassidy is being sued as an attorney, service was improper, as an "office manager" is not the same as "an officer, a managing or general agent, or any other agent authorized ... to receive service

of process." Fed.R.Civ.P. 4(h)(1).

(3) Defendants Tony Bennett (#44), Henry Bennett (#43), Margie Bennett (#45) and Stacey Hayworth Bennett (#46) were all individually served, in May of 2009. None of them has entered an appearance or otherwise appeared to defend in this case.

(4) The other defendants originally named in this case have been dismissed in prior orders and are no longer parties hereto.

Before directing entry of default against the 4 Bennett Defendants, I have reviewed the complaint and all subsequent documents submitted by the Plaintiffs with respect to their claims against those Defendants. These documents provide a very sketchy outline of a series of disputes between the Plaintiffs and the Bennetts that goes back ten years and has involved several state court proceedings.

Once the governmental employee defendants were dismissed, all that remained was this personal dispute, a dispute that does not belong in this Court. There is nothing in any of these documents that would give rise to a federal claim of any kind that the Court can see.

It is therefore my recommendation that this case be dismissed for lack of federal jurisdiction. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); Video Views Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).

ENTERED ON  April 13, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE