UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE HOFFER and SHAWN MACKIE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 08-1275 ) |
| STATE'S ATTORNEY KEVIN W. LYONS, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

On November 3, 2008, Plaintiffs Dwayne Hoffer and Shawn Mackie filed their Second Amended Complaint pursuant to 42 U.S.C. § 1983 [#4]. On April 8, 2010, Plaintiffs Hoffer and Mackie filed their Motion for Entry of Default [#65] against remaining defendants Tony Bennett, Gary Edward Orr, Christopher Cassidy, Henry Bennett, Margie Bennett, and Stacey Hayworth Bennett. On April 13, 2010, a Report & Recommendation [#67] was filed by Magistrate Judge John A. Gorman in this case. Hoffer and Mackie filed an objection [#68] to the Report & Recommendation within the time allowed. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); and *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). For the reasons set forth below, this case is dismissed for lack of subject matter jurisdiction, and Plaintiffs' remaining pending motions are moot. The Plaintiffs' objection to the Report & Recommendation is denied.

Plaintiff Dwayne Hoffer filed his Complaint on October 14, 2008, naming numerous defendants including a State's Attorney, a state court judge, private attorneys, and an individual by the name of Tony Bennett. On October 17, 2008, Plaintiff Hoffer filed an Amended

Complaint naming additional parties including private attorney Christopher Cassidy, a sheriff, Henry and Margie Bennett, and Stacey Hayworth Bennett.  On November 3, 2008, Plaintiff Hoffer filed his Second Amended Complaint adding Plaintiff Shawn Mackie.  Defendants State's Attorney Kevin W. Lyons and Sheriff Michael D. McCoy were dismissed as defendants on January 21, 2009.  Defendant Troy I. Roberts was dismissed from the action on April 30, 2009.  On May 4, 2009, Defendants Dorian Lasaine and Judge Richard E. Grawey were dismissed with prejudice from the action.  Finally, on November 24, 2009, Defendant Peoria County Sheriff's Department was dismissed from the action.  At this point, the remaining defendants are Tony Bennett, Gary Edward Orr,[1] Christopher Cassidy, Henry Bennett, Margie Bennett, and Stacey Hayworth Bennett.  As the Magistrate Judge explained, all that remains at this point is a personal dispute between Plaintiffs and the Bennetts which goes back many years and has involved several state court proceedings.

     The Court concurs with the recommendation that there is nothing in any of the Plaintiffs' submitted documents that would give rise to a federal claim of any kind, now that the governmental employee defendants have been dismissed.  The Court further concurs with the recommendation that this case be dismissed for lack of federal jurisdiction.  Subject matter jurisdiction can never be forfeited or waived because it gives the court power to actually hear a case.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 514 (7th Cir. 2006).  It follows that courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists, even when

---

[1] Mr. Orr is deceased, his date of death preceded the filing of this lawsuit, and so he was never served with process in this case.

neither party makes a challenge on that basis.  *Arbaugh,* 546 U.S. at 514; *Andrews*, 447 F.3d at 514.  Plaintiffs' Objection to the Magistrate Judge's Report & Recommendation does not address the substance of the Report & Recommendation, but instead discusses their attempts to serve defendant Cassidy and their alleged inability to receive due process of law in Peoria, Illinois.  Ultimately, the Court does not have the power to rule on Plaintiffs' Motion for Default where it no longer has the power to hear the case.

Accordingly, the Court now adopts the Report & Recommendation [#67] of the Magistrate Judge in its entirety.  This case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and Plaintiffs' Motion for Default [#65] and Motion for Order, filed as Request for Summons to Appear before the Court to Produce Correct Address for Service of Documents [#70], are therefore MOOT.  This matter is now TERMINATED.

ENTERED this 29th day of April, 2010.

s/Michael M. Mihm  
Michael M. Mihm  
United States District Judge